## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RACHAEL OWENS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF** | § § § | **CA NO. 3:25-cv-2014** |
| **v.** | § § | |
| **TRINITY HEALTH SPA, LLC,** | § § | |
| **DEFENDANT** | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rachael Owens, on behalf of herself and all others similarly situated, brings this unpaid overtime suit against Trinity Health Spa, LLC, and in support shows the following:

### I.    SUMMARY

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq ("FLSA"). Defendant Trinity Health Spa, LLC owns and operates approximately eight Massage Envy franchises within the Dallas-Fort Worth metroplex.

2. Defendant employed Plaintiff as a manager.  While Defendant ostensibly paid Plaintiff and all others similarly situated on a salary basis, Defendant has a uniform, company-wide policy and practice of docking the pay of its "salaried" employees if hours worked did not meet Defendant's required hourly quota.

3. If Plaintiff worked less than 45 hours per week, Defendant would simply divide the hours Plaintiff worked by the hours Plaintiff was expected to work and then multiply the resulting percentage by the pay Plaintiff would have received had she met her quota.   For example, if Plaintiff worked 30

hours per week, and her quota was 40 hours per week, Defendant would divide 30 hours by 40 hours to get 0.75 and then would pay Plaintiff 75% of her theoretical "salary" for that week.

4.  In April 2025, Defendant changed the hourly quota from 45 hours per week to 40 hours per week, but nothing else about this illegal scheme changed. Defendant's Director of Finance recently explained the policy in an email to Plaintiff as follows:



5.  In other words, Plaintiff and others similarly situated receive less pay when they work less - a concept that is incongruent with being paid on a "salaried basis."

6.  Plaintiff brings this action on behalf of herself and all other similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

7.  Plaintiff and those similarly situated routinely worked more than forty (40) hours in a workweek and were not paid for hours worked exceeding 40 per workweek.

8.  As a result of Defendant's willful and illegal pay practices, Plaintiff and those similarly situated were deprived of overtime compensation and an equal amount of liquidated damages in violation of the FLSA.

## II.    PARTIES

9.  Plaintiff Racheal Owens is an individual who resides in Dallas County, Texas.  Her consent is attached as Exhibit A.

10. Defendant Trinity Health Spa, LLC is a domestic limited liability company whose registered office is located in Collin County, Texas at 1701 Legacy Dr., Ste.  2000, Frisco, Texas 75034-5992, and who may be served with process by serving its registered agent for service of process, Plunk Smith, PLLC, 2801 Network Blvd., Ste. 300, Frisco, Texas 75034.

11. Defendant was an employer of Owens and those similarly situated, as defined by 29 U.S.C. § 203(d).

## III.    JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction in this matter because Owens asserts claims arising under federal law.  Specifically, Owens asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

13. The Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district, engages in business in this judicial district, has entered into an employment relationship with Plaintiff in this judicial district, and has committed actions in this judicial district that give rise to this cause of action.

14. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in Dallas County, Texas.  Since Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this judicial district.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV.     COVERAGE

15. At all times material to Plaintiff's employment by Defendant, Defendant has acted in the interest of an employer with respect to Owens and those similarly situated.

16. At all times material to Plaintiff's employment by Defendant, Defendant has been an "employer" of Owens and those similarly situated within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times material to Plaintiff's employment by Defendant, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times material to Plaintiff's employment by Defendant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Owens and those similarly situated were each an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant, at all times material to Plaintiff's employment by Defendant, "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

20. As an employee of Defendant, Owens and those similarly situated handled and utilized items such as computers, telephones, and time-tracking software, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.     FACTUAL BACKGROUND

21. Defendant Trinity Health Spa, LLC operates approximately eight Massage Envy franchises in and around the Dallas-Fort Worth Metroplex area, including in Dallas County, Texas.

22. Defendant employed Plaintiff as a manager at several of Trinity's Massage Envy locations in and around Dallas County, including Trinity's Massage Envy store located in Uptown at West Village.

23. Plaintiff and those similarly situated were classified by Defendant as exempt in spite of the fact that (a) Defendant has required them to track their hours on a daily basis using timekeeping software, and (b) Defendant docked their weekly pay if they worked less than Defendant's quota of minimum required hours.

24. During her employment with Defendant, Plaintiff and those similarly situated consistently worked more than 40 hours per workweek.

25. However, at no time during her employment did Defendant pay Plaintiff, or those similarly situated, overtime premiums for any hours worked over forty per workweek.

26. There is no overtime exemption or exception under the FLSA that exempts Plaintiff or those similarly situated from the FLSA's mandatory overtime provisions because, among other things, they are not paid on a "salaried" basis.

27. As a result of Defendant's policy and practice of intentionally docking weekly pay when the minimum hours requirement is not met, Owens and those similarly situated have not been compensated for any hours worked in excess of forty (40) in a workweek at the rates required under the FLSA.

28. Trinity is aware of its obligation to pay overtime compensation to employees, such as Plaintiff and those similarly situated, for all hours worked over forty (40) each workweek.

29. Because there are other employees and/or former employees who are similarly situated to Owens with regard to the work performed and the Defendant's uniform compensation policy, Owens brings this action under 29 U.S.C. § 216(b) in order to provide notice about this lawsuit to all others similarly situated and to provide to those similarly situated an opportunity to join this lawsuit.

30. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Owens and those similarly situated overtime premiums for all hours worked over forty per workweek.

## VI.  COLLECTIVE ACTION ALLEGATIONS

31. Owens and those similarly situated have performed—and are continuing to perform—the same or similar job duties as one another.

32. Owens and those similarly situated have been subjected to the same pay provisions by Defendant, as their weekly pay was docked whenever their minimum hours requirement was not met.

33. As a result, Owens and those similarly situated cannot be considered "salaried" employees under the FLSA.

34. Thus, Owens and those similarly situated are owed at least one and a half times their properly calculated regular hourly rates for all hours worked over forty in a workweek, without regard to their individual circumstances.

35. Defendant has a policy or practice of (1) docking the pay of its employees who receive a weekly amount of pay when they work less than the minimum hours quota, and (2) not paying these employees an overtime premium when they work more than forty hours in a workweek.

36. This policy or practice is and has been, at all relevant times, applicable to Owens and those similarly situated.

37. The application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the docking of pay and the refusal to pay for any hours worked over forty per workweek to Owens also applies to those similarly situated.

38. Accordingly, those similarly situated are properly defined as:

> **All current and former "salaried" employees who received a weekly amount of pay that was subject to deduction for working less than the minimum required amount per week who worked at any of the approximately eight locations in and around the Dallas-Fort Worth Metroplex during any workweek in the last three years and who worked more than 40 hours in a week without receiving overtime pay at time and a half their regular rate for all such hours.**

## VII. CAUSE OF ACTION:

### FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

40. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed.

41. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated in accordance with applicable law.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the correct regular rate at which their employees are paid are applicable to Owens or those similarly situated.

## VIII.  ANTI-RETALIATION PROVISIONS OF THE FAIR LABOR STANDARDS ACT

43.  Defendant is specifically aware that section 15(a)(3) of the FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

## IX.  PRAYER FOR RELIEF

Owens and those similarly situated pray for an expedited order directing notice to those similarly situated pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Owens (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Owens (and those who may join the suit);

b.      For an Order awarding Owens (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.      For an Order awarding Owens (and those who may join in the suit) attorneys' fees;

d.      For an Order awarding Owens (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Owens declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC


*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
505 E. Magrill St.
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

*and*

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133

Tel. (214) 303-1022
Fax (214) 550-8170
barry@hersh-law.com

**ATTORNEYS FOR PLAINTIFF**