IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHAEL OWENS, On Behalf of Herself and All Others Similarly Situated,<br>  *Plaintiff,*<br><br>vs.<br><br>TRINITY HEALTH SPA, LLC,<br><br>  *Defendant.* | § § § § § § § § § § § § | CIVIL ACTION NO. 3:25-cv-02014-X |

**DEFENDANT TRINITY HEALTH SPA, LLC'S ORIGINAL ANSWER
TO PLAINTIFF RACHEL OWENS' ORIGINAL COMPLAINT**

Defendant Trinity Health Spa, LLC ("Defendant") submits this Original Answer (the "Answer") to Plaintiff Rachael Owens ("Plaintiff"), On Behalf of Herself and All Others Similarly Situated, Original Complaint (the "Complaint") (ECF No. 1).

**I. SUMMARY[1]**

1. Defendant denies the underlying allegations of unlawful conduct in this case, but Defendant admits that the above-captioned action is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq ("FLSA"). Defendant admits that it owns and operates seven, rather than eight Massage Envy franchises within the Dallas-Fort Worth Metroplex.

2. Defendant admits that it employed Plaintiff as a business manager at its Fort Worth Hulen, Uptown at West Village, and Arlington Highlands locations. Defendant admits that

---

[1] The headings in this Answer conform to the headings in Plaintiff's Complaint and are for navigational purposes only. The headings are not an admission of any of Plaintiff's allegations on behalf of Defendant.

1

Plaintiff was paid on a salary basis, but denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff's compensation was based on the number of hours worked. Defendant denies the remaining allegations in Paragraph 3 to the extent they are hypothetical, speculative, or call for a legal conclusion, and therefore no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff's hourly requirement decreased from 45 hours per week to 40 hours per week on February 27, 2025. In response to Plaintiff's inclusion of a portion of the May 22, 2025 email thread in Paragraph 4 of the Complaint, Defendant denies that the portion of the May 22, 2025 email thread included by Plaintiff is complete. Defendant further responds that the May 22, 2025 email thread, in its entirety, speaks for itself. To the extent that Plaintiff's allegations mischaracterize the content of the email thread, Defendant denies those allegations. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the underlying allegations of unlawful conduct in this case, but admits that the above-captioned action is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the FLSA.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the Complaint.

## II.   PARTIES

9. Upon information and belief, Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

## III.   JURISDICTION AND VENUE

12. Defendant denies the underlying allegations of unlawful conduct in this case, but Defendant admits that the Court has subject matter jurisdiction over this action as alleged in Paragraph 12 of the Complaint. Defendant denies that the Court has personal jurisdiction over "all parties to this action" to the extent this allegation is intended to encompass putative collective members.

13. Defendant denies the underlying allegations of unlawful conduct in this case, but Defendant admits that the Court has personal jurisdiction over Defendant as alleged in Paragraph 13 of the Complaint.

14. Defendant denies the underlying allegations of unlawful conduct in this case, but Defendant admits that venue is proper in this Court as alleged in Paragraph 14 of the Complaint.

## IV.   COVERAGE

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

## V.     FACTUAL BACKGROUND

21. Defendant admits that it owns and operates seven, rather than eight, Massage Envy franchises within the Dallas-Fort Worth Metroplex.

22. Defendant admits that it employed Plaintiff as a business manager at its Fort Worth Hulen, Uptown at West Village, and Arlington Highlands locations.

23. Defendant admits that Plaintiff was classified as overtime exempt. Defendant admits that Plaintiff was required to track her hours daily using timekeeping software. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant admits that it did not pay Plaintiff overtime wages for hours worked over forty hours per workweek.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that it is subject to the Fair Labor Standards Act, which speaks for itself and any allegations in Paragraph 28 of the Complaint regarding what the FLSA requires

that is contrary to or misinterprets the FLSA are expressly denied, but denies the underlying allegations of unlawful conduct in this case.

29. Defendant denies the underlying allegations of unlawful conduct in this case, and that collective treatment is appropriate, but admits that the above-captioned action is a civil action brought by Plaintiff, on behalf of herself and all others similarly situated, pursuant to the FLSA.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

## VI.     COLLECTIVE ACTION ALLEGATIONS

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the underlying allegations of unlawful conduct in this case, and that collective treatment is appropriate, but admits that Plaintiff defines the putative collective class as set forth in Paragraph 38 of the Complaint.

## VII.   CAUSE OF ACTION

39. Defendant incorporates by reference its responses to Paragraphs 1-38 of the Complaint as if fully set forth herein.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

## VIII.   ANTI-RETALIATION PROVISIONS OF THE FAIR LABOR STANDARDS ACT

43. The FLSA speaks for itself and any allegations in Paragraph 43 of the Complaint regarding what the FLSA requires that is contrary to or misinterprets the FLSA are expressly denied. Paragraph 43 also contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

## IX.   PRAYER

Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the Prayer for Relief, including subsections (a) through (f) on pages 8-9 of the Complaint.

Any allegations to which Defendant has not previously specifically responded are denied.

## X.   AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof other than as required by law, Defendant asserts the following defenses, affirmative defenses, and/or other responses to Plaintiff's claims:

1. Plaintiff's claims are barred by a binding arbitration agreement covering the subject matter of this dispute.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Complaint fails to comply with the requirements for proceeding as a collective action because the proposed putative class members are not similarly situated.

4. Any act or omission in violation of the law that may be shown was not willful and was taken in good faith, without malice, and with reasonable ground for believing that the act or omission was not a violation of the law.

5. The claims of Plaintiff and/or the putative collective members may be limited or barred, in whole or in part, by the applicable statute of limitations.

6. Defendant asserts any matters of avoidance and affirmative defenses particular to any putative collective member(s) that may arise during the course of discovery, but which are not apparent at this time, including any offset to any claims for unpaid overtime.

7. The claims of Plaintiff and/or the putative collective members may be limited or barred, in whole or in part, by waiver and estoppel.

8. Defendant pleads the equitable right of offset against any amounts paid to Plaintiff and/or putative collective members in excess of what Defendant was legally required to pay.

9. The claims of Plaintiff and/or the putative collective members may be limited or barred, in whole or in part, to the extent they seek recovery for time that is not compensable.

10. The claims of Plaintiff and/or the putative collective members may be limited or barred, in whole or in part, as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities.

11. Defendant reserves the right to assert additional affirmative defenses as they become evidence through discovery or investigation, in accordance with the Federal Rules of Civil Procedure and/or subsequent court order.

**************************************************************************

Defendant Trinty Health Spa, LLC, having fully responded to the allegations made against it in Plaintiff's Complaint, respectfully demands that this action against it be dismissed, that all costs be taxed to Plaintiff, that Defendant be awarded its reasonable attorneys' fees and expenses, and that the Court award Defendant such other and further relief as the Court deems appropriate.

Respectfully submitted,

By: */s/ Sarah M. Montgomery*
Sarah M. Montgomery
Texas State Bar No. 24045792
smmontgomery@jw.com
Lauren M. Vogel
Texas State Bar No. 24114574
lvogel@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-5870 (Direct Dial)
(214) 661-6837 (Direct Fax)

**ATTORNEYS FOR DEFENDANT TRINITY HEALTH SPA, LLC**

## **CERTIFICATE OF SERVICE**

  This is to certify that on September 19, 2025, a true and correct copy of the foregoing document was served via the Court's electronic filing system upon:

Douglas B. Welmaker
Welmaker Law PLLC
505 E. Magrill St.
Longview, Texas 75601
doug@welmakerlaw.com

Barry S. Hersh
Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
barry@hersh-law.com

               */s/ Sarah M. Montgomery*
               Sarah M. Montgomery