**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RACHAEL OWENS, On Behalf of Herself and All Others Similarly Situated,** | § § § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:25-cv-02014-X** |
| | § | |
| **TRINITY HEALTH SPA, LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**JOINT PROPOSAL FOR CONTENTS**
**OF SCHEDULING AND DISCOVERY ORDER**

Plaintiff Rachael Owens, on behalf of herself and all others similarly situated, ("Plaintiff") and Defendant Trinity Health Spa, LLC ("THS") (collectively, the "Parties") submit this Joint Proposal for Contents of Scheduling and Discovery Order pursuant to the Court's October 15, 2025 Order (Doc. 9) (the "Order").

1.    Unless otherwise indicated, the Parties may by written agreement alter the deadlines in this paragraph without the need for court order, otherwise the deadlines are as follows:

| | |
|---|---|
| December 1, 2025 | Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
| January 15, 2026 | Motions to Join Parties and Amend Pleadings |
| March 31, 2026 | Close of Pre-Notice Discovery |
| *30 days after Close of Pre-Notice Discovery* | Motion to Facilitate Notice of FLSA Collective Action |
| *30 days after Motion to Facilitate Notice Filed* | Response in Opposition of Motion to Facilitate Notice |
| *14 days after Response Filed* | Reply in Support of Motion to Facilitate Notice |

2.    Since this is a putative FLSA collective action, the Parties request that the Court allow this case, including discovery, to proceed in two phases and allow the Parties to submit a

Second Joint Proposal after the issue of notice is resolved. Without knowing the number of plaintiffs who may consent to join this action, it is presently very difficult to anticipate the amount of time necessary to complete discovery and select a trial date. The Parties agree to submit such Second Joint Proposal within 21 days after the date the Court sets for the close of the opt-in period in its decision on Plaintiff's Motion to Facilitate Notice. Allowing the Parties to submit a Second Joint Proposal after the issue of notice is resolved and the size of the putative collective is known, will allow the Parties to be in a better position to confer and report back to the Court with more specific knowledge as to the scheduling and discovery needs of this action.

3.     The following remaining deadlines are subject to and contingent upon the Court's ruling on Plaintiff(s)' Motion to Facilitate Notice; thus, the Parties must consult and submit a Second Joint Proposal within 21 days after the date the Court sets for the close of the opt-in period in its decision on Plaintiff's Motion to Facilitate Notice: (1) Completing all written discovery, including discovery and depositions of all fact witnesses; (2) Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2); (3) Expert Witnesses' Depositions; (4) Motions to Exclude Experts under Fed. R. Evid. 702/*Daubert* Motions; (5) Rule 26(e)(2) Supplementation; (6) Dispositive Motions; (7) Joint Proposed Pretrial Order; (8) Pretrial Conference Dates; and (9) Jury Trial date. The Parties request a scheduling conference be conducted following the submission of the Second Joint Proposal.

4.     Settlement discussions commenced at the meeting on November 4, 2025 and negotiations remain active and ongoing.

5.     The Parties are considering mediation to resolve this litigation. The Parties agreed that early mediation is prudent for this matter and have agreed to confer later to select a mediator.

6.     The Parties do not consent to trial before a United States Magistrate Judge.

7.     Pre-Notice Discovery shall be limited to (i) the identities of putative collective members employed during the relevant period, including names, last-known mailing addresses, email addresses, telephone numbers, work locations, and dates of employment; (ii) employer policies and job descriptions pertinent to the alleged common policy or practice; and (iii) whether the putative collective members identified are similarly situated to Plaintiff for purposes of Court-approved notice under the FLSA. No merits discovery, individualized damages discovery, or depositions of putative opt-in plaintiffs shall proceed prior to the Court's ruling on Plaintiff's Motion to Facilitate Notice absent an order of the Court. Parties shall refrain from unilateral communications with putative collective members concerning this litigation other than as permitted by the Court's notice protocol.

8.     No other matters relevant to the status and disposition of this case were discussed at this time.


Agreed by:

*/s/ Douglas Welmaker (with permission)*          */s/ Lauren M. Vogel*

Attorney for Plaintiff Rachael Owens          Attorney for Defendant Trinity Health Spa
                                              d/b/a Massage Envy

Respectfully submitted,

By:  /s/ Sarah Montgomery
     Sarah M. Montgomery
     Texas State Bar No. 24045792
     smmontgomery@jw.com
     Lauren M. Vogel
     Texas State Bar No. 24114574
     lvogel@jw.com
     JACKSON WALKER LLP
     2323 Ross Avenue, Suite 600
     Dallas, Texas 75201
     (214) 953-5870 (Direct Dial)
     (214) 661-6837 (Direct Fax)

     **ATTORNEYS FOR DEFENDANT
     TRINITY HEALTH SPA, LLC**

## CERTIFICATE OF SERVICE

This is to certify that on November 10, 2025, a true and correct copy of the foregoing document was served via the Court's electronic filing system upon:

Douglas B. Welmaker
Welmaker Law PLLC
505 E. Magrill St.
Longview, Texas 75601
doug@welmakerlaw.com

Barry S. Hersh
Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
barry@hersh-law.com

     /s/ Lauren M. Vogel
     Lauren M. Vogel