IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHAEL OWENS, On Behalf of Herself and All Others Similarly Situated,       *Plaintiff*, | §<br>§<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 3:25-cv-02014-X |
| TRINITY HEALTH SPA, LLC,       *Defendant*. | §<br>§<br>§<br>§<br>§ | |

## SCHEDULING AND DISCOVERY ORDER

The Court has considered the Parties' Proposed Scheduling and Discovery dates and issues the scheduling order.

| February 2, 2026 | Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) |
|---|---|
| March 19, 2026 | Motions to Join Parties and Amend Pleadings |
| June 2, 2026 | Close of Pre-Notice Discovery |
| *30 days after Close of Pre-Notice Discovery* | Motion to Facilitate Notice of FLSA Collective Action |
| *30 days after Motion to Facilitate Notice Filed* | Response in Opposition of Motion to Facilitate Notice |
| *14 days after Response Filed* | Reply in Support of Motion to Facilitate Notice |

The following remaining deadlines are subject to and contingent upon the Court's ruling on Plaintiff(s)' Motion to Facilitate Notice; thus, the Parties must consult and submit a Second Joint Proposal within 21 days after the date the Court sets for the close of the opt-in period in its decision on Plaintiff's Motion to Facilitate Notice: (1) Completing all written discovery, including discovery and depositions of

1

all fact witnesses; (2) Expert Witness Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2); (3) Expert Witnesses' Depositions; (4) Motions to Exclude Experts under Fed. R. Evid. 702/*Daubert* Motions; (5) Rule 26(e)(2) Supplementation; (6) Dispositive Motions; (7) Joint Proposed Pretrial Order; (8) Pretrial Conference Dates; and (9) Jury Trial date. The Parties may request a scheduling conference be conducted following the submission of the Second Joint Proposal.

Pre-Notice Discovery shall be limited to (i) the identities of putative collective members employed during the relevant period, including names, last-known mailing addresses, email addresses, telephone numbers, work locations, and dates of employment; (ii) employer policies and job descriptions pertinent to the alleged common policy or practice; and (iii) whether the putative collective members identified are similarly situated to Plaintiff for purposes of Court-approved notice under the FLSA. No merits discovery, individualized damages discovery, or depositions of putative opt-in plaintiffs shall proceed prior to the Court's ruling on Plaintiff's Motion to Facilitate Notice absent an order of the Court. Parties shall refrain from unilateral communications with putative collective members concerning this litigation other than as permitted by the Court's notice protocol.

**IT IS SO ORDERED** on the 6th day of January, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE